IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

RICKEY BROWN                                                                                              PLAINTIFF
ADC # 129190

v.                                              4:23CV00649-KGB-JTK

SHARRON CASTLEBERRY, et al.                                                              DEFENDANTS

**ORDER**

Rickey Brown ("Plaintiff") is in custody at the Prairie County, Arkansas, Detention Center. Plaintiff filed pro se complaint pursuant to 42 U.S.C. § 1983 against Prairie County Sheriff Rick Parson and Detention Center Administrator Sharron Castleberry (collectively, "Defendants") in their official and personal capacities. (Doc. No. 2 at 1-2). The Court now must screen Plaintiff's claims pursuant to the Prison Litigation Reform Act ("PLRA").

**I.      Screening**

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). See also 28 U.S.C. § 1915(e) (screening requirements).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.  Denton v. Hernandez, 504 U.S. 25, 32 (1992).

## II.  Discussion

### A.  Plaintiff Complaint

Plaintiff, a federal pretrial detainee, has been in the Prairie County Detention Center since June 29, 2023.  (Doc. No. 2 at 4).  Plaintiff says that he is on medicine for high blood pressure and high cholesterol, among other things.  (Id.).  Plaintiff also says he is waiting for double hernia surgery.  (Id.).  According to Plaintiff, the Administrator—presumably Defendant Castleberry—told Plaintiff that he would have to pay $25 to see the doctor.  (Id.).  The Administrator also told Plaintiff that his medicine would cost $10 per prescription.  (Id.).  Plaintiff believes his medical care should be fully paid by the Federal Government; he does not want to pay for doctor's visits or medication.  (Id. at 5, 6).  Plaintiff seeks damages and injunctive relief.  (Doc. No. 2 at 5).

As explained below, Plaintiff's Complaint as currently pled fails to state a claim on which relief may be granted.  Plaintiff will be given the opportunity to file an Amended Complaint to cure the defects in his pleading.

### B.  Personal Capacity Claims Under 42 U.S.C. § 1983

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights."  Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-

2

official defendant, through the official's own individual actions, has violated the Constitution." Parrish v. Ball, 594 F.3d 993, 1001 (8th Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009)). Bare allegations void of factual enhancement are insufficient to state a claim for relief under § 1983. See Iqbal, 556 U.S. at 678.

### 1. Defendant Parson

Plaintiff named Rick Parson as a Defendant, but made no allegations against him. Bare allegations void of factual enhancement are insufficient to state a claim for relief under § 1983. Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1939, 137 L. Ed. 2d 868 (2009). Because Plaintiff made no allegations of fact against Defendant Parson, Plaintiff failed to state a claim against Defendant Parson on which relief may be granted.

### 2. Cost of Doctor's Visits and Medication

Plaintiff was a pretrial at the time of the events giving rise to his claims. As a pretrial detainee, Plaintiff's deliberate indifference to serious medical needs claims are analyzed under the Fourteenth Amendment.

Prison officials violate a pretrial detainee's rights under the Due Process Clause of the Fourteenth Amendment when they show deliberate indifference to his serious medical needs. Ivey v. Audrain County, Missouri, 968 F.3d 845, 848 (8th Cir. 2020). To succeed on a claim of deliberate indifference to a medical need, a pretrial detainee plaintiff must show he had an objectively serious medical need and prison officials had actual knowledge of, but deliberately disregarded, that need. See Id. "Deliberate indifference may be demonstrated by prison guards who intentionally deny or delay access to medical care or intentionally interfere with prescribed treatment, or by prison doctors who fail to respond to prisoner's serious medical needs." Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997). "Mere negligence or medical malpractice . . . are not sufficient to rise to a constitutional violation." Davis v. Hall, 992 F.2d 151, 153 (8th Cir.

1993). As such, allegations involving negligence or medical malpractice do not state a § 1983 claim on which relief may be granted.

Plaintiff complains that he must pay for doctor's visits and prescriptions. Plaintiff also complains that he has not yet received his medication. But an inmate may be required to pay for medical expenses when he can afford it. Roberson v. Bradshaw, 198 F.3d 645, 647 (8th Cir. 1999).

Plaintiff has not alleged that he cannot afford the charges for medical care, or that he is being denied medical care because he is indigent. As such, the Court cannot determine if Plaintiff's allegations rise to the level of a constitutional violation. The Court needs additional information to fully understand Plaintiff's claims. <u>If Plaintiff cannot afford the cost of a doctor's visit and medication, or if he is being denied medication because he is indigent, he should let the Court know in any superseding Amended Complaint he wishes to file</u>.

### C.     Superseding Amended Complaint

Plaintiff may amend his Complaint to cure the defects explained above. If Plaintiff decides to amend, Plaintiff should submit to the Court, within thirty (30) days of the entry date of this Order, a superseding Amended Complaint that contains in a single document his claims against all Defendants he is suing. Plaintiff is cautioned that an Amended Complaint renders his original Complaint without legal effect.[1] Only claims properly set out in the Amended Complaint will be allowed to proceed. Therefore, Plaintiff's Amended Complaint should: **1) name each party he believes deprived him of his constitutional rights and whom he wishes to sue in this action; 2) provide specific facts against each named Defendant in a simple, concise, and direct**

---

[1] "An amended complaint 'ordinarily supersedes the original and renders it of no legal effect.'" In Home Health, Inc. v. Prudential Ins. Co. of America, 101 F.3d 600, 603 (8th Cir. 1996), quoting International Controls Corp. v. Vesco, 556 F.2d 665, 668 (2d Cir. 1994) (other citations omitted).

**manner, including dates, times, and places if possible; 3) indicate whether he is suing each Defendant in his/her individual or official capacity, or in both capacities; 4) explain the reasons for an official capacity claim, if he makes one; 5) explain how each defendant's actions harmed him personally; 6) explain the relief he seeks; and 7) otherwise cure the defects explained above and set out viable claims.**

If Plaintiff does not submit an Amended Complaint, I will recommend that his Original Complaint be dismissed. See 28 U.S.C. § 1915A(a); Loc. R. 5.5(c)(2).

### III.   Conclusion

IT IS, THEREFORE, ORDERED that:

1.   If Plaintiff wishes to submit an Amended Complaint for the Court's review, he must file the Amended Complaint consistent with the above instructions within thirty (30) days from the date of this Order. If Plaintiff does not submit an Amended Complaint, I will recommend that his Original Complaint be dismissed. See 28 U.S.C. § 1915A(a); Loc. R. 5.5(c)(2).

2.   The Clerk of the Court is directed to mail Plaintiff a blank 42 U.S.C. § 1983 Complaint form.

Dated this 31st day of July, 2023.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE